*Goodheart,* 523 Pa. at 201, 565 A.2d at 763–64 (emphasis added).

Because this Court sits as a full court, as does the Supreme Court of the United States, were I to recuse myself, this Court would lack its present full complement of seven justices. Similarly, if I were to recuse myself on all matters pending or initiated while I was District Attorney, potentially over 300,000 criminal cases would be subject to this Court's review without the benefit of a full Court.

Pursuant to my sworn duties, I respectfully decline appellant's invitation to recuse myself and I will participate in the decision and consideration of appellant's matter without bias or prejudgment. For the foregoing reasons, appellant's request is denied.

### ORDER

**AND NOW,** this 29th day of October, 1998, it is hereby ordered that Appellant's Motion requesting my recusal in the matter is DENIED.

■

Michael J. **DINGER,** Petitioner,

v.

**SOUTHERN ENERGY HOMES OF PENNSYLVANIA, INC., Respondent.**

Supreme Court of Pennsylvania.

Nov. 13, 1998.

### ORDER

PER CURIAM:

**AND NOW,** this 13th day of November, 1998, the Petition for Allowance of Appeal is GRANTED and the decision of the Superior Court is REVERSED. *Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1998).